HENDERSON (DENNY v.). See Case No. 3,806.

---

## Case No. 6,351a.

### HENDERSON et al. v. DESHA.

[Hempst. 231.] [1]

Superior Court, Territory of Arkansas. Feb., 1834.

#### DEBT—INTEREST—USURY.

Judgment may be rendered for ten per cent. interest until paid, where that rate is expressed in the contract.

[Overruled in Byrd v. Gasquet, Case No. 2,-268a.]

Appeal from Pulaski circuit court.

[This was an action at law by Benjamin Desha against Joseph Henderson and Richard C. Byrd.]

Before JOHNSON, CROSS, and ESKRIDGE, Judges.

OPINION OF THE COURT. This is an action of debt, brought by the appellee against the appellants, upon the following obligation: "Six months after date, we, or either of us, promise to pay to Benjamin Desha, or order, twenty-one hundred and eighty-one dollars and eighty-six cents, for value received; to bear interest from the date, at the rate of ten per cent. per annum.

---

[1] [Reported by Samuel H. Hempstead, Esq.]

Witness our hands and seals this twenty-first day of May, 1832. (Signed) Jos. Henderson (seal). R. C. Byrd (seal)." The judgment of the circuit court was rendered in favor of the appellee for the sum of two thousand and ninety-five dollars and seventy-nine cents debt; two hundred dollars thereof having been previously paid, and thirteen dollars and thirty-eight cents interest, and thirty-four dollars and twelve cents damages, together with interest on two thousand ninety-five dollars and seventy-nine cents, at the rate of ten per cent. per annum till paid, and the costs of the suit, which has been brought up to this court by appeal. Numerous objections have been taken by the appellants to the proceedings in the court below, some of which we will proceed to notice. First, it is contended that it is not averred in the declaration that the defendants affixed their scrolls to the writing declared on. By inspecting the declaration, it will be seen that the averment is sufficiently made. Another ground relied upon for reversing the judgment is, that it is rendered for interest at the rate of ten per cent. per annum till paid. By the terms of the contract in this case, ten per cent. per annum was agreed to be paid, and, by referring to our statute on the subject of interest, it will be seen that ten per centum may be lawfully reserved. Geyer, Dig. 240. Judgment affirmed.